IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Case No: 2:26-cv-00552

Ricardo Cardenas,

       Plaintiff,

       v.

Carnival Corporation and First Advantage Background Services Corporation,

       Defendants.

JURY DEMANDED

_____/

## COMPLAINT

Plaintiff Ricardo Cardenas ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Carnival Corporation ("*Carnival*" or "*Employer Defendant*") and First Advantage Background Services Corporation ("*First Advantage*" or "*CRA Defendant*") (Employer Defendant and CRA Defendant may be hereinafter collectively referred to as "*Defendants*") as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Credit Reporting Act (the "*FCRA*"), 15 U.S.C. § 1681 *et seq*.

2. This action seeks relief against CRA Defendant for reporting inaccurate

1

and/or misleading information on Plaintiff's credit report in violation of § 1681e(b); and for CRA Defendant's failure to conduct a reasonable investigation into Plaintiff's disputes in violation of § 1681i(a); and for its failure to comply with the longstanding requirements to ensure that the adverse public record information reported in its consumer reports is complete and up to date as required under Section 15 U.S.C. § 1681k(a).

3. Plaintiff also seeks relief for being denied employment in reliance on information contained in the consumer background report without first being provided with: (a) a pre-adverse action disclosure which includes a copy of the consumer report and a description in writing of his rights under the FCRA; and (b) a pre-adverse action opportunity to dispute the accuracy or completeness of the reported information in violation of 15 U.S.C. § 1681b(b)(3).

4. Plaintiff seeks an Order enjoining Defendants' injurious conduct and to recover *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports.

5. As a result of Defendants' conduct in misreporting background check information, Plaintiff has sustained actual damages including, but not limited to: denial of an employment resulting in: lost salary and benefits; denial for a rental

application and use and enjoyment of the subject premises at issue; third party dissemination of inaccurate and damaging information; emotional distress including anxiety; depression; humiliation; loss of enjoyment of life; embarrassment; unfair adverse treatment; and out-of-pocket costs in time and money.

6. Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an Order issued by this Court enjoining Defendants from persisting in its violative behaviors.

## JURISDICTION AND VENUE

7. Jurisdiction of the Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

9. Plaintiff Ricardo Cardenas is an individual who is a citizen of the State of Florida with address in Lee County, Florida.

10. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

11. Defendant Carnival is a "person" as that term is defined by 15 U.S.C. § 1681a(b).

12. Defendant Carnival is a corporation which has a principal place of business located at 3655 NW 87th Ave, MLGL 815, Miami, 33178.

13. Defendant First Advantage is a Georgia corporation which has a principal place of business located at 1 Concourse Parkway NE, Suite 200, Atlanta, Georgia, 30328.

14. Defendant First Advantage is a consumer reporting agency (hereinafter "*CRA*") as defined under 15 U.S.C. § 1681a(f)), that regularly conducts business in this judicial district.

15. Defendant First Advantage by contractual agreement, disseminates consumer background reports for remuneration to third parties.

## SUBSTANTIVE ALLEGATIONS OF FCRA

16. Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, § 1681(a) of which states as follows:

> (1) The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4) There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphases added).

17. FCRA mandates that CRAs adhere to the following duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

18. CRAs compile, maintain, and report information concerning the creditworthiness, credit-standing, credit capacity, character, and general reputation of consumers, including Plaintiff. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, for the underwriting of insurance for consumers, and even housing.

19. The FCRA gives consumers the right to obtain copies of their consumer reports because Congress deemed it to be critical that consumers are aware that if an employer intends to procure a report or has already procured a report and plans to take adverse action based on the report's contents, that the consumer can review the report to ensure it does not contain any errors. These disclosure

requirements under the FCRA are particularly important to consumers because consumers need to know when and how they are going to be evaluated for employment based on a consumer report.

20. Plaintiff has a legally protected interest in the Defendants fulfilling their duties under FCRA so that the credit information being furnished and reported by them is maintained fairly, with the maximum levels of confidentiality, accuracy, and relevancy.

21. Plaintiff's injury is particularized and actual and is directly traceable to Defendants' conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

22. On or about November 13, 2025, Plaintiff applied for employment with Carnival for the position of Personal Vacation Planner, a remote sales agent position.

23. The Personal Vacation Planner position provided compensation consisting of a base salary of approximately $17.00 per hour plus commissions, with expected average total annual earnings of approximately $70,000.

24. As part of the hiring process, Carnival requested and obtained a background check concerning Plaintiff from First Advantage.

25. Plaintiff provided written authorization allowing Carnival to obtain a consumer report regarding his background.

26. Carnival did not provide Plaintiff with a clear and conspicuous written disclosure consisting solely of the disclosure that a consumer report may be obtained for employment purposes.

27. Carnival further failed to provide Plaintiff with a copy of the Summary of Rights under the Fair Credit Reporting Act prior to obtaining the consumer report.

28. Upon information and belief, First Advantage prepared and furnished a consumer report concerning Plaintiff to Carnival for employment purposes.

29. The consumer report prepared by First Advantage contained inaccurate and misleading public record information concerning alleged criminal charges.

30. Specifically, the report inaccurately reported that Plaintiff had two pending criminal charges, including one felony charge and one misdemeanor charge, with appearance dates scheduled for January 2026.

31. The criminal charges reported by First Advantage do not belong to Plaintiff.

32. Instead, the charges belong to a different individual named Ricardo Cardenas, Jr., also known as Richardo J. Cardenas.

33. Plaintiff's middle name, **Ivan**, does not appear as an alias or identifying marker in connection with the criminal matter reported by First Advantage.

34. Upon information and belief, First Advantage failed to follow reasonable procedures to assure maximum possible accuracy of the information contained in Plaintiff's consumer report.

35. Upon information and belief, First Advantage also failed to maintain strict procedures designed to ensure that public record information likely to have an adverse effect upon a consumer's ability to obtain employment is accurate and belongs to the correct person.

36. Upon information and belief, CRA Defendant failed to maintain and conduct proper measures for identity verification to avoid the mixing and data of different consumers as they allowed for Name-Only matching to defame Plaintiff's background report.

37. On or about December 4, 2025, Carnival informed Plaintiff that it would not proceed with onboarding him due to the information contained in the background report.

38. In a written communication dated December 4, 2025, Plaintiff's hiring contact at Carnival informed him of the following via email:

> *"During our review, we noted that you currently have an active case that has not yet received a final disposition. Unfortunately, while your case remains open, we are unable to move forward with your onboarding process."*

39. Carnival's decision not to hire Plaintiff was based entirely on the inaccurate information contained within the consumer report.

40. Prior to taking adverse action against Plaintiff, Carnival failed to provide Plaintiff with a pre-adverse action notice.

41. Carnival also failed to provide Plaintiff with a copy of the consumer report and a written description of his rights under the FCRA prior to taking adverse action.

42. Carnival further failed to provide Plaintiff with a legally compliant adverse action notice.

43. First Advantage failed to provide Plaintiff with notice at the time public record information was reported that such information was being furnished to Carnival for employment purposes.

44. As a direct and proximate result of Defendants' actions, Plaintiff lost the opportunity to obtain employment with Carnival.

45. Plaintiff was scheduled to begin employment with Carnival on or about February 1, 2026.

46. The Personal Vacation Planner position included guaranteed commission payments of approximately $2,000 per month for at least the first six months of employment, in addition to base wages and other commissions.

47. Plaintiff lost wages and employment benefits as a result of Defendants' conduct, including expected monthly earnings averaging approximately $5,833.

48. Plaintiff has suffered and continues to suffer economic damages, including lost income and lost employment opportunities.

49. Plaintiff has also suffered emotional distress as a result of Defendants' conduct.

50. Plaintiff relied upon the anticipated employment opportunity to improve his financial stability following his divorce.

51. The loss of employment caused Plaintiff significant stress and anxiety.

52. Plaintiff has experienced sleep disruption and is frequently unable to fall asleep until early morning hours.

53. Plaintiff had previously been prescribed medication for anxiety and depression and had to increase his dosage in response to the stress caused by Defendants depriving him of employment.

54. Plaintiff's distress was exacerbated by his lack of health insurance and inability to seek regular medical treatment.

55. After disputing the inaccurate criminal information, the erroneous information was eventually corrected.

56. Despite the eventual correction, Plaintiff permanently lost the employment opportunity with Carnival.

57. Defendants' conduct was negligent, willful, and/or in reckless disregard of Plaintiff's rights under the Fair Credit Reporting Act.

## COUNT I
## CRA Defendant's Violations of the FCRA, 15 U.S.C. § 1681e(b)

58. Plaintiff repeats and realleges paragraphs 1 through 57, as if fully restated at length herein below.

59. CRA Defendant systemically violated 15 U.S.C. § 1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation, maintenance, and dissemination of Plaintiff's consumer report(s).

60. Upon information and belief, CRA Defendant's conduct in the instant matter is representative of its normal policies and procedures (or lack thereof) for maintaining accurate consumer reporting.

61. In violation of §§ 1681e(b), CRA Defendant failed to follow reasonable procedures to assure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

62. CRA Defendant could readily incorporate technological and procedural adjustments to prevent egregious errors similar to mixing information between individuals using the name-only technique to prevent costs and time.

63. CRA Defendant should be aware of the Consumer Financial Protection Bureau's ("*CFPB*") declaration that name-only matching of criminal histories is not reasonable pursuant to the FCRA.

64. CRA Defendant's actions were willful and intentional, or, alternatively, performed with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

65. Alternatively, CRA Defendant's acted negligently in its failure to insure maximum possible accuracy on Plaintiff's consumer report.

66. As a result of CRA Defendant's violations of 15 U.S.C. §§ 1681e(b), Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

67. For the foregoing reasons, CRA Defendant violated 15 U.S.C. § 1681e(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT II
**CRA Defendant's Violations of the FCRA, 15 U.S.C. § 1681k(a) et seq**

68. Plaintiff repeats and realleges paragraphs 1 through 57, as if same were fully restated herein below.

69. The FCRA imposes specific requirements on consumer reporting agencies, like CRA Defendant, that sell and distribute a consumer report for employment purposes that include public records.

70. Specifically, 15 U.S.C. § 1681k(a) requires that a consumer reporting

agencies which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall (1) at the time such public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgements shall be considered up to date if the current record status of the item of the report is reported.

71. Upon information and belief, CRA Defendant violated 15 U.S.C. § 1681k(a) because it failed to notify Plaintiff of the existence of adverse public record information in the consumer report it had provided to Carnival, and it failed to maintain strict procedures to ensure the adverse information it reported about Plaintiff was complete and up to date.

72. CRA Defendant's consumer report about Plaintiff was furnished for an employment purpose and contained one or more public records of the type that may (and did) adversely affect an employer's decision to retain Plaintiff.

73. Plaintiff did not learn of the adverse information in CRA Defendant's consumer report until Carnival declined his employment via email.

74. Plaintiff was unaware that CRA Defendant had provided a consumer report for employment purposes (which included adverse public record information) to Carnival until after Plaintiff's employment was denied.

75. CRA Defendant's consumer report about Plaintiff provided to Carnival included inaccurate and false information that conflicted with the information available in the public record.

76. Upon information, CRA Defendant does not maintain sufficient training or protocols to ensure that the public records information is accurate and CRA Defendant has failed to implement and maintain strict procedures designed to ensure the accuracy of public record information containing within the reports, as § 1681k(a)(2) requires.

77. Upon information and belief, CRA Defendant's employees are trained to simply manually input information regarding all aspects of applicant's public and criminal records without conducting additional checks for truth or accuracy unless and until a consumer objects to the content of the furnished report.

78. Upon information and belief, CRA Defendant did not itself or by its own research or vendors attempt to verify the completeness or current status of the public records pursuant to 15 U.S.C. § 1681k(a), within (30) thirty days, before it furnishes and resells these records in one of its reports.

79. CRA Defendant violated 15 U.S.C. § 1681k(a) by failing to provide the required FCRA notices to Plaintiff.

80. For the foregoing reasons, CRA Defendant violated 15 U.S.C. § 1681i and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT III
**Employer Defendant's Violations of the FCRA, 15 U.S.C. § 1681b(b)(3)**

81. Plaintiff repeats and realleges paragraphs 1 through 57, as if fully restated herein.

82. Pursuant to 15 U.S.C. § 1681b(b)(3), the FCRA requires that prior to taking any adverse action against an employee or employment applicant based on information contained in a consumer report obtained from a consumer reporting agency, an employer must provide the employee or employment applicant with: (a) a pre-adverse action disclosure which includes a copy of the employee's consumer report obtained from a consumer reporting agency and a description in writing of the

15

employee's rights under the FCRA; and (b) a pre-adverse adverse action opportunity to dispute the accuracy or completeness of the reported information before any adverse action is taken. Pursuant to 15 U.S.C. § 1681a(d), the definition of a "consumer report" for purposes of the FCRA includes a criminal background check used for employment purposes. Pursuant to §1681a(k), the definition of "adverse action" for purposes of the FCRA includes "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee".

83. 15 U.S.C. § 1681b(b)(3)(A) requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken. Employers must comply with this provision even where the information contained in the report (such as a criminal conviction record) would automatically disqualify the individual from employment or lead to an adverse employment action.

84. 15 U.S.C. § 1681b(b)(3)(B) requires all employers who use consumer reports to provide (i) notice that adverse action has been taken in whole or in part on a consume report received from a CRA; (ii) the name, address and telephone number of the CRA that furnished the consumer report (iii) that the CRA did not make the decision to take the adverse action and is unable to provide to the consumer the specific reasons why the adverse action was taken; and (iv) notification that the

consumer may, upon providing proper identification, request a free copy of a report and may dispute the accuracy or completeness of report with the CRA.

85. Upon information and beliefEmployer Defendant had a policy, procedure, pattern, decision, practice and custom of requesting a consumer background report containing criminal background information on all employees and employment applicants and of taking adverse employment action based on information contained in those reports without providing employee or employment applicants: (a) an adverse action disclosure containing a copy of the consumer report obtained from the consumer reporting agency and a description in writing of the employee's rights under the FCRA; and/or (b) a pre-adverse action opportunity to dispute the accuracy of the reported information.

86. Here, Employer Defendant willfully failed to provide Plaintiff with (a) a pre-adverse action disclosure containing a copy of the consumer report and a description of his rights under the FCRA; and (b) an adverse action opportunity to dispute the accuracy or completeness of the information contained in the consumer report as required by 15 U.S.C. § 1681b(b)(3).

87. Prior to the Adverse Decision, Plaintiff was entitled to a pre-adverse action, and Plaintiff did not receive such notice in writing.

88. Prior to the Adverse Decision, Plaintiff was entitled to a "Summary of Rights under the Fair Credit Reporting Act" and Plaintiff did not receive a summary

of his rights.

89. Upon making the Adverse Decision, Plaintiff was entitled to a written or electronic adverse action notice.

90. Employer Defendant's willful failure to provide Plaintiff with a pre-adverse action notice, rendered it liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n.

91. Employer Defendant's willful failure to provide Plaintiff with a sufficient adverse action notice, rendered it liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n.

92. Employer Defendant's willful failure to provide Plaintiff with a summary of his rights under FCRA, rendered them liable for statutory and punitive damages and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n.

93. In the alternative, Employer Defendant negligently failed to provide Plaintiff with (a) a pre-adverse action disclosure containing a copy of the consumer report and a description of his rights under the FCRA; and (b) an adverse action opportunity to dispute the accuracy or completeness of the information continued in the consumer report as required by 15 U.S.C. § 1681b(b)(3).

94. In the alternative, Employer Defendant's negligent violation of 15 U.S.C. § 1681b(b)(3) has caused actual damages to Plaintiff for which it is liable under 15 U.S.C. § 1681o along with reasonable attorney's fees.

## JURY DEMAND

95.     Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment against Defendants, as follows:

    a. Adjudging that Defendants' actions violated the FCRA;

    b. Enjoining Defendants from persisting in violative behaviors and requiring Defendants to correct or otherwise delete the accounts at issue in Plaintiff's credit report;

    c. Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

    d. Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    e. Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);

    f. Granting Plaintiff costs and reasonable attorney's fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

    g. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

  h.  Such other and further relief as the Court determines is just and proper.

DATED: February 26, 2026

             **SANDERS LAW GROUP**

             By: */s Craig B Sanders*
             Craig B Sanders, Esq.
             FL Bar No: 985686
             333 Earle Ovington Blvd., Suite 402
             Uniondale, New York 11553
             Email: csanders@sanderslaw.group
             Office: (516) 203-7600
             Fax: (516) 281-7801
             *Attorneys for Plaintiff*
             Our File No.: 144545